STARR ET AL. v. TORREY.

1. It is a good defence to a promissory note in the hands of the payee or endorsee, with notice of the fact, that it was given for a consideration which has totally failed.

2. It is no ground for a new trial, that one, of two counsel of the plaintiff engaged in the trial, was called away during the trial, if the other counsel proceeded and tried the cause in his absence, without requesting an adjournment.

3. If a letter from defendant to plaintiff, produced by defendant, is proved to have been mailed to plaintiff at the proper post office, and has the proper post mark upon it, and the possession of it by the defendant is accounted for in a way that shows a presumption that he received it from plaintiff, it is sufficient proof to permit the whole evidence to go to a jury, to determine therefrom, if the letter had been received by plaintiff.

4. What circumstances are sufficient evidence to warrant a jury in finding that the endorsee of a promissory note had notice of the failure of consideration.

5. If plaintiff agrees to deliver to defendant at P., an engine for defendant's road at M., defendant takes the engine to M., and tries it there, and finds it does not answer the object for which it was bought, and which it was warranted to answer, it is a sufficient rescinding the contract to give notice thereof to plaintiff at P., without bringing back and tendering the engine there.

6. If an engine, or other article, be sold warranted to answer two purposes, the purchaser is not bound to rescind the contract as soon as he finds the warranty fails for one purpose, but may continue the trial of it until he finds that it fails in both, and then may return it or rescind the contract on account of the failure of the warranty lastly tested.

---

On rule to show cause why verdict should not be set aside, and a new trial granted.

Argued before NEVIUS, CARPENTER, and OGDEN, Justices, by *Vredenburgh* and *Vroom*, for plaintiffs, and *W. L. Dayton*, for defendant.

NEVIUS, J., delivered the opinion of the court.

This cause was tried before me, at the Monmouth circuit, in the term of August, 1845, and a verdict rendered for the defendant. On the coming in of the *postea*, a rule to show cause why the verdict should not be set aside was granted. The action is upon three several promissory notes, of $500 each, given by the defendant to the firm of Eastwick & Harrison, and by them endorsed to the plaintiffs. These notes bear date on the 17th and 24th of June, and 1st of July, 1842, and are respectively payable at four months. On the trial, the signatures of the drawer and endorsers were proved, and the plaintiffs then rested their case. The defendant, in defence of the claim, then set up, that these notes were part of the price or consideration to be paid by him to E. & H. for a locomotive engine purchased by him, to be used on a wooden railway, of his own construction, in the county of Monmouth ; that the engine delivered did not correspond with the terms of the contract ; that it was wholly unfit for the purpose intended and worthless to the defendant, and that E. & H. had full notice of this fact, and that the plaintiffs were fully advised of the failure of the consideration before they became the owners of the notes in question.

In support of this defence, the defendant, on the trial, proved that the notes in question were delivered to E. & H., on the 3d of August, 1842, and were substituted in the place of three other notes of like amount, signed by himself, of a prior date, and also payable at four months, and which were then held by E. & H., and that the object of such substitution was to obtain an extension of the time of payment ; that the original notes were the price, or part of the price, of the engine E. & H. were to deliver to him, on a contract entered into with them in June, 1842 ; that, according to that contract, the engine was to be adapted to the defendant's road, which Harrison had previously seen and examined ; that it was not to exceed five tons in weight when supplied with its complement of fuel and water, and was to be a good and complete engine, capable of drawing on that road thirty tons at a rate of six miles an hour, for which the vendors were to receive $2500. He further

proved that Harrison, one of the firm of E. & H., after examination, pronounced the road a good one, and declared that the engine they proposed to let the defendant have was calculated to run on such a road; that, when the terms of this contract were settled between the parties, the defendant was requested to give his five several notes, of $500 each, which after some hesitation he did, on Harrison's warranty that the engine should be, and should perform in all respects, as he promised and represented. Upon the delivery of these notes, the defendant took the following receipt:

" New York, June 24th, 1842, Rec'd from W. T. his five several notes, dated May 6, 13, 20, 27, and June 3, 1845, at four months from date, for five hundred dollars each, being a total of twenty-five hundred dollars in full for a locomotive, now in complete order for use, and to be delivered at Philadelphia to his order, according to agreement hitherto made, and in all respects to conform to said agreement."—Signed, Eastwick & Harrison.

The defendant further proved, that the engine was delivered about the last of June or 1st of July, and that it did not correspond with the terms of the contract; that the axle did not suit the road, and had to be sent to Philadelphia to be altered; that its weight, with wood and water, exceeded eight tons; that it was imperfect in its construction, and wholly unfit for any useful purpose on that road; that after a good deal of time and labor spent by the defendant and his hands (aided by an engineer sent with the engine by the vendors) to render it fit for use, without success, it was finally abandoned to the vendors, of which due notice was given by letter from the defendant to them, dated the 22d August, 1842.

It was further proved, that at the time of the contract the engine belonged to the present plaintiffs; that it had before been tried by other engineers, and proved to be worthless, and wholly unfitted for a railroad; that the plaintiffs knew this, and one of them, when applied to, in July, to construct some tubes for this engine, said, that it had been tried on a railroad near Philadelphia, and had been proved useless, and there was

no use to go to any expense. Upon this evidence, briefly but substantially stated, it was left to the jury to say whether the consideration for these notes had or had not wholly failed, and if it had, whether the plaintiffs had or had not notice of such failure when these notes were endorsed to them, and if they found in the affirmative, then to render their verdict for the defendant, which they did.

This verdict the plaintiffs ask us to set aside—1st. Because, during the progress of the trial, and before the evidence was closed, one of their counsel was unexpectedly and necessarily called away, and was obliged to leave their case with other counsel not familiar with the facts. Here it is proper to state the facts, as they occurred. Neither of the attorneys in the case were present at the trial, nor, as far as is manifest to us, was any brief prepared or handed to counsel. When the trial commenced, Mr. V. answered as counsel for plaintiffs, and sitting beside him, taking notes of trial, was Mr. W., both of whom were considered by the court as counsel for the plaintiffs. The cause was progressed in until the defence had been fully developed, and all the witnesses on the part of the defendant had been examined except one, who testified what one of the plaintiffs had said about the worthlessness of the engine, when Mr. V., who was the leading counsel in the case, was called away. No application was made to the court to suspend the trial on this account, but the cause continued under the management of Mr. W., as counsel for the plaintiff, until its termination. This reason is insufficient to warrant the court in setting aside the verdict. There is no evidence that the plaintiff lost any thing by the absence of one of his counsel; that they had any other witnesses present than those who were examined in the case. It is true that, since the trial, two witnesses have been examined before a commissioner, on the part of the plaintiffs, as I suppose under a rule of this court. The first of these, Mr. Woodward, was the engineer who attempted to run the engine upon this road. His testimony is, in substance, that the high grades and imperfect construction of the road was the cause of the failure, and not the imperfection of the engine itself. Yet he admits that the engine was not calculated for

that road, and was not only useless, but destructive to the road. The other witness examined since the trial is Mr. Mason, who says that these notes were endorsed to the plaintiffs by E. & H. without recourse, and in payment to them of this very engine, which was their property when the contract was made between E. & H. and the defendant; that E. & H. were to pay for it $1350, but this was to depend on the contingency of their sale to the defendant.

There is no evidence, nor even allegation, that these witnesses were present at the time, nor that their's is newly discovered testimony; nor is there any thing in their depositions which, in connection with the other evidence in the cause, would, in my mind, call for a different verdict from the one rendered. I cannot, therefore, perceive that the plaintiffs were in any wise prejudiced by the absence of one of their counsel near the close of the trial.

A second ground urged for a new trial is, that illegal evidence was admitted on the part of the defendant. The point of this objection is, that a letter of the defendant to E. & H., dated the 22d of August, 1842, wherein he abandoned the engine, was offered and received in evidence, notwithstanding objection made at the time. This letter was proved to be in the defendant's handwriting, endorsed and directed to E. & H., Philadelphia, and, in addition, had the usual post mark upon it. And the clerk swore he was sure he had mailed it. But as it was then produced by the defendant's counsel, it was insisted that it had never come to the hands of E. & H. The defendant then, to obviate the objection, offered to prove, by one of his counsel, how he had become possessed of that letter; but the plaintiffs being willing to take the statement of counsel without oath, he proceeded to explain the manner in which he became possessed of it, which was consistent with the presumption, that it had come to the hands of E. & H. in due course of mail. Thereupon the letter was read in evidence. This objection, therefore, ought not to prevail.

But, thirdly, it is objected, that although this defence might have been good between the original parties to the notes, yet it cannot be set up against the plaintiffs, as endorsees. This

must depend upon the fact, whether the plaintiffs had or had not notice of the contract and the consideration upon which these notes were founded. That was a matter left to the jury upon the evidence, and I cannot say they committed an error in their finding. It was shown that the engine belonged to the plaintiffs when the contract was made; that the plaintiffs were aware that E. & H. were negotiating with the defendant for the sale of it; that if sold to the defendant they were to receive $1350, otherwise E. & H. were to pay them nothing; that after the engine had been delivered, and proved defective, they declared that it had before been tried, and proved useless, and that there was no use in going to any expense with it. These facts fully proved, with the additional facts, that the plaintiffs were to receive only $1350, while E. & H. were to receive $2500 for the engine, and that these notes were transferred without recourse to the endorsers, were sufficient, in my mind, not only to establish notice, but to raise a strong presumption that the plaintiffs were participators in an attempted fraud. Upon the same evidence, I apprehend, any honest jury would arrive at the same result.

Again it is urged, in support of this motion, that the defendant ought to have repudiated or rescinded the contract as soon as he discovered that the engine was not according to the terms of the agreement; that he did not do so, but kept it from the 1st of July to the 22d of August, and in the mean time substituted these notes for those originally given, thereby ratifying and confirming the contract after he knew of the defects in the engine. This objection is not well taken; for although the defendant knew at once that the engine was heavier than contracted for, yet, if in other respects it was perfect, he might be willing to keep it. It proved defective, wholly defective, but it required time to make the experiment. Alterations and additions were to be made to it, to obviate its defects, and these were made with the hope that it would yet answer the purpose for which it was intended: and when these efforts all failed, then the defendant gave notice of rescinding the contract. For this neither E. & H. nor the plaintiffs had any right to complain. This labor and time were in

truth expended for their benefit, and if they had proved successful the contract would have been carried out.

Lastly it is said, that the defendant was bound to return the engine to E. & H., to give them the opportunity of accepting or refusing it. I do not think he was bound to do any such thing. After the delay and expense incurred by him in attempting to repair an engine, known by the vendors to be worthless at the time of the contract, it was sufficient for him to give notice that he would not take it; and upon such notice they might have informed him whether they would or would not receive it, and advised him where to deliver it, if he was bound to deliver it at any other place than where it then was. The notice of the 22d August, in my opinion, was sufficient.

As to the allegation, that the defect was in the defendant's road, and not in the engine, it is sufficiently answered by the proof that one of the vendors had examined and approved the road before the contract was made.

I can see no reason for setting aside this verdict, and think the rule should be discharged, with costs.

CARPENTER and OGDEN, Justices, concurred.

CITED in *Bouker* v. *Randles*, 2 *Vr.* 341; *Wyckoff* v. *Runyon*, 4 *Vr.* 109.